## KEITLER *et al. v.* THE STATE.

The Code confers no authority upon the prosecutor to challenge the pannel or individual members of the grand jury. And as the district court has not the power to select or create, neither has it the power to remove or reform the members of the grand jury.

The policy of the Code is to keep the grand jury independent of control and influence from the district court.

Where a power is not expressly conferred, nor necessarily inherent in the court, it cannot be assumed under an inference of law.

The right to challenge either the pannel or a member of the grand jury, is limited to the defendant.

### Error to Lee District Court.

*Opinion by* GREENE, J. Indictment against Keitler and others, for an assault and battery with intent to commit bodily injury. A motion was made to set aside the indictment, on the ground that it was not found by a grand jury legally constituted. Motion overruled. This ruling

assumes that the grand jury was legally constituted at the time the indictment was found.

It appears, at the September term, 1853, of the Lee district court, after the grand jurors had been duly sworn and had made considerable progress in the business of the term, that an affidavit was filed, alleging that four of the jurors were implicated in an offense, and thereupon, the court was requested to remove them and appoint others in their place. The change was made, and thereupon the indictment in the present case was found.

The selection and impanneling of grand jurors are matters of statutory regulation. The Code confers no authority upon the prosecutor to challenge the pannel or individual members of the grand jury, and as the court has not the power to select or create, neither has it the power as an incident to jurisdiction, to remove, reform or change the members of the jury. If by virtue of this incident to jurisdiction, the court has the discretionary power to reform the jury for one purpose, it may for another, and if four, then, may more or all the jurors be changed, and thus the obvious policy of the law to constitute and preserve that body, independent of control and influence from the court, would be thwarted. Although the jurisdiction of the grand jury is co-extensive with that of the court, for which they are to inquire, both as to extent of territory and the offenses to be investigated, and although they are sworn and charged by the court, still in their presentments they should act as a distinct and separate body, free from any fear, favor or affection, resulting from the court or any other influence. If the court had the power to create, or change them at pleasure, or upon a *ex partemery* affidavit, they might soon become the subjects of fear and favor, or of prejudice and popular caprice; the wholesome safeguards of the law for their selection rendered abortive, and the stability and independence of the pannel greatly impaired.

This tribunal is invested with no ordinary powers. Their

Keitler *v.* The State.

power to accuse a citizen of any offense without his presence and without evidence in his favor—their power to cast upon a citizen the odium of an indictment for a criminal offense, shows the importance of enforcing those prudential regulations which the law requires in their selection. This matter is so jealously guarded by our Code, that the selection is not left to any one officer of the county, but several are required to act in conjunction. Code, § § 1633,–1641.

It is conceded that the Code gives no express authority to the court to reform the grand jury, but the court below appears to have inferred this power from § 2891, of the Code, which provides that " from the persons summoned to serve as grand jurors, the court must appoint a foreman. The court shall also appoint a foreman, when the person already appointed is discharged or excused before the grand jury is dismissed. In *Norris House* v. *The State*, [a] it was held by this court that the discharge or excuse of the foreman which would justify the court in appointing another foreman, has reference only to his discharge or excuse as foreman and not as a grand juror. If discharged or excused from the pannel, the court is not authorized by this section to appoint another foreman from bystanders. He is still confined in his appointment to the persons summoned to serve as grand jurors. We cannot discriminate from what portion of the § 2891, or from what portion of the Code, authority can be inferred to the court to thus change and reform the grand jury. Surely, such authority cannot be inferred from the power to appoint or re appoint a foreman from the grand jurors summoned.

It is not usual in any state, for courts to have the authority to appoint or change the pannel of grand jurors, and before this extraordinary power is exercised, it should be justified by something more than mere inference. When a power is not expressly conferred, nor necessarily inherent in the court, it cannot be justified by an inference of law.

(a) 3 G. Greene, 513.

Under the Code, the state or prosecutor, has no right to challenge either the pannel or a member of the grand jury. This right is given only to a " defendant held to answer for a public offence." § 2882. While the Code expressly confers the right of challenge upon the defendant, it is entirely silent as to the state or private prosecutor, and hence it must be inferred that the object of the law was to limit this right exclusively to defendants.

Judgment reversed.

*J. M. Love* and *H. O'Connor*, for plaintiff in error.

*D. C. Cloud*, for the State.